**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Belinda Marie Crawley <br> _Debtor_ | CHAPTER 13 |
| Nissan Motor Acceptance Corporation <br> _Movant_ <br> vs. | NO. 19-15142 AMC |
| Belinda Marie Crawley <br> _Debtor_ | |
| Scott F. Waterman, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$2,308.40,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 12, 2020 to September 12, 2020 at $560.30/month |
| Late Charges: | $67.20 |
| **Total Post-Petition Arrears** | **$2,308.40** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$2,308.40.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,308.40** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

    d). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 25, 2020                By: */s/ Rebecca A. Solarz, Esquire*
                                           Attorney for Movant


Date:_____             /s/ Michael D. Sayles, Esquire
                                          _____
                                          Michael D. Sayles, Esquire
                                          Attorney for Debtor

Date: *October 12, 2020*                          /s/ *Polly A. Langdon, Esquire, for*
                                                  _____
                                                  Scott F. Waterman, Esquire
                                                  Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

**Date: October 13, 2020**                        _____
                                                  Bankruptcy Judge
                                                  Ashely M. Chan