United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-15142-amc |
| Belinda Marie Crawley | Chapter 13 |
|     Debtor(s) | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Lisa | Page 1 of 2 |
| Date Rcvd: Oct 13, 2020 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 15, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Belinda Marie Crawley, 179 West Nedro Avenue, Philadelphia, PA 19120-2458 |
| cr | | ECMC, P.O. BOX 16408, ST. PAUL, MN 55116-0408 |
| cr | + | LSRMF MH Master Participation Trust II, Caliber Home Loans, Inc, 13801 Wireless Way, Oklahoma City, OK 73134-2500 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: gecsedi@recoverycorp.com | Oct 14 2020 03:28:32 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Oct 15, 2020 | Signature: | /s/Joseph Speetjens |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 13, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANN E. SWARTZ | |
| | on behalf of Creditor LSRMF MH Master Participation Trust II ecfmail@mwc-law.com ecfmail@ecf.courtdrive.com |
| MICHAEL D. SAYLES | |
| | on behalf of Debtor Belinda Marie Crawley midusa1@comcast.net michaeldsaylesesq@comcast.net;r43253@notify.bestcase.com |
| REBECCA ANN SOLARZ | |

| | | |
|---|---|---|
| District/off: 0313-2 | User: Lisa | Page 2 of 2 |
| Date Rcvd: Oct 13, 2020 | Form ID: pdf900 | Total Noticed: 4 |

on behalf of Creditor Nissan Motor Acceptance Corporation bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
    ECFMail@ReadingCh13.com

SCOTT F. WATERMAN (Chapter 13)
    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Belinda Marie Crawley <br> _Debtor_ | CHAPTER 13 |
| Nissan Motor Acceptance Corporation <br> _Movant_ <br> vs. | NO. 19-15142 AMC |
| Belinda Marie Crawley <br> _Debtor_ | |
| Scott F. Waterman, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$2,308.40,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 12, 2020 to September 12, 2020 at $560.30/month |
| Late Charges: | $67.20 |
| **Total Post-Petition Arrears** | **$2,308.40** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$2,308.40.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,308.40** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

    d). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 25, 2020                By: */s/ Rebecca A. Solarz, Esquire*
                                              Attorney for Movant


Date:_____              /s/ Michael D. Sayles, Esquire
                                          _____
                                          Michael D. Sayles, Esquire
                                          Attorney for Debtor

Date: *October 12, 2020*  /s/ *Polly A. Langdon, Esquire, for*

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

**Date: October 13, 2020**

Bankruptcy Judge
Ashely M. Chan